# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CIRILO MATA-ROSALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11CR79-1 |
| | ) | 1:13CV447 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per now-Senior United States District James A. Beaty, Jr.) entered judgment against Petitioner imposing, <u>inter alia</u>, a term of imprisonment, as a result of his guilty plea to presence in the United States after a prior deportation subsequent to conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b)(2). (Docket Entry 12; <u>see also</u> Docket Entry 17 (Guilty Plea Transcript); Docket Entry 18 (Sentencing Transcript).)[1] The Fourth Circuit affirmed. <u>United States v. Mata-Rosales</u>, 473 F. App'x 324 (4th Cir. 2012). Petitioner thereafter commenced this action by filing a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docket Entry 25), along with a supporting brief (Docket Entry 26). The United States responded (Docket Entry 33) and Petitioner replied (Docket Entry 35).

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Petitioner's Section 2255 Motion simply declares in conclusory fashion that the Court violated his due process rights by failing to uphold the United States Constitution and to properly apply a jurisdictional statute. (Docket Entry 25, ¶ 12(Ground One)). Neither Petitioner's supporting brief nor his reply provide any factual support for any such claim; instead, said filings consist of a series of generic legal expressions attributed to various authorities that, on balance and in the context of this case, make no sense. (See Docket Entries 26, 35.) In sum, Petitioner's Section 2255 Motion "is vague, conclusory, speculative, and unsupported and fails for all of these reasons," Cabrera v. United States, Nos. 1:09CR323-1, 1:12CV695, 2014 WL 6386902, at *9 (M.D.N.C. Nov. 14, 2014) (unpublished) (Osteen, Jr., C.J.); see also United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[A] habeas petition is expected to state facts that point to a real possibility of constitutional error. . . . Thus, vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (internal quotation marks omitted)); Whitley v. United States, Nos. 1:03CR445, 1:12CV67, 2014 WL 4443295, at *6 n.1 (M.D.N.C. Sept. 9, 2014) (unpublished) (recommendation of Webster, M.J., adopted by Beaty, S.J.) ("Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief. See Nickerson v. Lee,

971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).").

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 25) be denied without issuance of a certificate of appealability.

This the 12th day of January, 2015.

                                            /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                                    **United States Magistrate Judge**